UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| H&R BLOCK EASTERN ENTERPRISES, INC., | CASE NO.: 1:06-CV-00299-JG-KAM |
| Plaintiff, | |
| v | CONSENT ORDER REGARDING DISCLOSURE AND TREATMENT OF CONFIDENTIAL TAX AND OTHER INFORMATION |
| SIMMONA WILLIAMS, | |
| Defendant. | |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 24 2006 ★
BROOKLYN OFFICE

WHEREAS, the parties submit that Section 7216 of the Internal Revenue Code (and perhaps other rules) arguably prohibits tax preparers such as defendant Simmona Williams from disclosing confidential tax return information including the identity of the customers of that tax preparer without a court order,

WHEREAS, defendant Simmona Williams may object based on Section 7216 of the Internal Revenue Code, to disclosing during discovery, without court order, confidential tax information concerning the customers for whom she has prepared tax returns since November 1, 2005, including the identities of those customers,

WHEREAS, the confidential tax information concerning the customers for whom defendant Simmona Williams has prepared tax returns since November 1, 2005 is needed by plaintiff H&R Block Eastern Enterprises, Inc. to allow it to evaluate and establish claims and defenses since it alleges that solicitation and service of H&R Block clients by defendant is in violation of restrictive covenants that forms the basis of this litigation,

WHEREAS, the parties jointly wish to have an Order entered directing defendant to disclose confidential tax information concerning the customers for whom she has prepared tax returns since November 1, 2005, including the identities of those customers,

WHEREAS, the parties jointly wish to have procedures in place providing for the adequate protection for material entitled to be maintained as confidential, expediting the flow of

1870341.1

discovery, and facilitating the prompt resolution of disputes over the confidentiality of discovery, and for good cause shown,

IT IS, this ___ day of March, 2006,

**ORDERED** that defendant Simmona Williams is required to disclose by March 17, 2006, and in response to discovery served by plaintiff, the identity of any and all persons and entities for whom she prepared tax returns since November 1, 2005, and the address and social security number and/or taxpayer identification number for each person or entity so disclosed; and

**IT IS FURTHER ORDERED** that the information ordered to be disclosed concerning persons or entities for whom defendant Simmona Williams prepared tax returns since November 1, 2005 shall be subject to the remaining provisions of this Consent Order governing confidentiality of discovery; and

**IT IS FURTHER ORDERED** that

1. **Confidential Information.** As used in this Order, the term "Confidential Information" shall include and be applicable to disclosed information in whatever form which the disclosing party has designated or marked as "CONFIDENTIAL" pursuant to this Order (collectively referred to hereinafter as "Confidential Information"). The following is a non-exclusive list of examples of information that may be designated as Confidential Information pursuant to this Order: (a) personnel information related to any current or former employee of H&R Block Enterprises, Inc. or related entities, (b) all information relating to any current or former clients of H&R Block Enterprises, Inc. or related entities, (c) personal or sensitive information concerning any person, party or witness, including, but not limited to, medical files, personnel files, earnings, benefits, and salary information, investigative reports and files, and personal diaries, (d) sales figures, customer lists, budgets, revenues and marketing efforts, and (e) proprietary, confidential business or trade information and trade secrets of defendant. Excluded from consideration as "Confidential Information" are matters of public

record and information readily legitimately ascertainable through proper and authorized sources other than defendant. This Order and its description of Confidential Information do not waive any party's right to object to discovery or admission of any Confidential Information.

2. **Confidential Information Designation.** If a party believes it is producing documents or other information which is Confidential Information, that party shall mark said material as "CONFIDENTIAL" and shall produce a log identifying said documents by Bates-number, date provided, document description, and basis for confidentiality designation. If a party believes another party has improperly designated information as Confidential Information, it shall advise the designating party and attempt to resolve the dispute in an amicable manner. If said dispute cannot be resolved in an amicable manner, the party designating the materials as Confidential Information may file an *in camera* motion with the Court along with a copy of the disputed material and may request that the Court resolve the dispute through a telephone conference or as otherwise directed by the Court. The party claiming that the information was properly designated as Confidential Information shall have the burden of establishing that the information should be kept confidential. Promptly after the entry of this Order, a party may designate as Confidential Information materials which, prior to the entry of this Order, have been produced to the other party.

3. **Production of Confidential Information in Other Litigation.** Defendants may designate documents produced in other litigation (in which Plaintiff's counsel represents another party or parties) as CONFIDENTIAL in disclosures or in responses to document requests in this litigation. In those circumstances, the CONFIDENTIAL designation shall have the same effect both in the other litigation and in the present litigation, as set forth in each respective Protective Order. Defendants' designation of documents marked CONFIDENTIAL from other litigation in disclosures or in response to document requests in this litigation shall be subject to all provisions

of this Order and shall not curtail the obligations of any other person or counsel pursuant to any other Protective Order.

4.  **No Disclosure.** Except as provided for herein or upon further Order of this Court or by express written advance consent of counsel for the party furnishing the Confidential Information, Confidential Information furnished in this action by any of the parties shall not be disclosed to any person except:

   a.  Counsel of record for the parties and their staffs, to the extent reasonably necessary to render professional services in this litigation;

   b.  Defendants;

   c.  Plaintiff, only insofar as it is necessary for Plaintiff's counsel to seek information or interpretation from Plaintiff regarding the Confidential Information. Under this Order, Plaintiff, Plaintiff's counsel and Plaintiff's counsel's staff are required to act as if each of them had signed the attached Nondisclosure Agreement. Plaintiff shall not discuss, signal or intimate to any person other than the parties' counsel in this case that Plaintiff has possession, access to or knowledge of any Confidential Information;

   d.  Persons with prior knowledge of the documents or the Confidential Information contained therein;

   e.  Witnesses in this case who have a legitimate need to examine the material;

   f.  Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

   g.  Any independent document reproduction services or document records and retrieval services;

   h.  Outside consultants or expert witnesses to be utilized for the purpose of this litigation by either party subject to paragraphs 5 and 6 below;

    i. Such other persons who may be specifically designated and qualified to receive Confidential Information pursuant to Court Order or provisions of paragraphs 5 and 6 below.

  5. **Nondisclosure Agreement.** Before providing Confidential Information to persons identified in paragraph 4 (other than the parties and their counsel and counsel's staff), above, counsel shall provide such person a copy of this Order; by a sworn nondisclosure agreement statement in the form of Attachment A, each person shall declare that the person has read and understands this Order, agrees to comply with its terms and not disclose any Confidential Information, and, only for purposes of securing compliance with its terms, irrevocably submits to the jurisdiction of this Court. A copy of every Nondisclosure Agreement shall be provided to Defendants' counsel within five (5) days of its execution. If Plaintiff believes that the identity of an individual to whom Confidential Information is to be disclosed is itself privileged information, Plaintiff shall file the original, signed Nondisclosure Agreement with the Court in a sealed envelope and provide a copy to Defendants' counsel with name, address and signature covered, and notify Defendants' counsel of the basis for the asserted privilege.

  6. **Use of Confidential Information.** A party who uses Confidential Information in a deposition, pleading, or other pretrial proceeding shall mark or identify the document as CONFIDENTIAL and will otherwise adhere to the nondisclosure provision of this Order. Parties or deponents may, within fifteen (15) days after receiving a transcript of a deposition which contains Confidential Information, designate pages of the transcript and deposition exhibits as CONFIDENTIAL and serve a copy of the marked pages upon counsel for all parties. Confidential Information within a deposition transcript may be designated by underlining the portions of each page that are alleged to be confidential and marking each such page with the following legend: CONFIDENTIAL. Until expiration of the fifteen (15) day period, the entire

transcript will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as Confidential Information other than those documents that were identified as Confidential Information prior to being made deposition exhibits. If a timely designation is made and disputed by the other party, then the provisions of paragraph 2 will govern to resolve the dispute.

7. **Limited Duplication of Confidential Information.** No person shall duplicate any Confidential Information unless necessary for purposes of this litigation.

8. **Return of Confidential Information.** At the conclusion of this litigation, counsel shall return to the producing party's counsel all documents and discovery responses and deposition transcripts consisting of, referring to, or containing Confidential Information.

9. **Continuing Duty of Confidentiality.** The termination of this litigation shall not relieve any person to whom Confidential Information has been disclosed from the obligations of this Order unless the Court orders otherwise in writing or unless the Plaintiff and defendant otherwise agree in a writing signed by each of them.

*Exhibit A*

## NONDISCLOSURE AGREEMENT

My name is _____. My residence address and telephone number are _____, and my business address and telephone number are _____. I have received and read and I fully understand the provisions of the Protective Order that has been entered by the Court in *H&R Block Enterprises, Inc. v. Simmona Williams*, pending in the United States District Court for the Eastern District of New York. I agree to strictly comply with the terms of that Order. I understand the meaning of the terms "disclose," "disclosure" and "confidential information" which are used in the Protective Order. I will not disclose any "confidential information," whenever obtained, in any form to persons other than those specifically authorized by the Protective Order, and I will not use any "confidential information" other than for purposes of this litigation. I will take all necessary steps to prevent the accidental disclosure of "confidential information." My pledge of confidentiality under this agreement continues after the lawsuit is over. I will promptly return to Plaintiff's counsel any confidential information and documents referring to confidential information. I understand that violation of the Protective Order or this Nondisclosure Agreement may constitute contempt of Court.

I declare under penalty of perjury that the foregoing is true and correct.

_____Signature

_____Date

                                                        s/Kiyo Matsumoto
                                            _____
                                            JOHN GLEESON, U.S.D.J.

We hereby consent to the form, substance and entry of the within Consent Order:

David H. Ganz
**ADORNO & YOSS LLP**
155 Willowbrook Boulevard
Suite 300
Wayne, NJ 07470
Telephone: (973) 256-9000
Facsimile: (973) 256-9001

David M. Kight
Francesca Cheroutes
**SHUGHART, THOMSON & KILROY, P.C.**
Twelve Wyandotte Plaza
120 West 12th Street
Kansas City, MO 64105
Telephone: (816) 421-3355
Facsimile: (816) 374-0509

*Attorneys for Plaintiff*


By:   s/s David H. Ganz
       David H. Ganz (DG 1405)


David B. Rosen
LAW OFFICES OF DAVID B. ROSEN & ASSOCIATES, P.C.
26 Court Street, Suite 1801
Brooklyn, NY 11242
Telephone: (718) 797-4311
Facsimile: (718) 797-9080

*Attorneys for Defendant*


By:   s/s David B. Rosen
       David B. Rosen (DR 6347)